**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James C. COLEMAN, Defendant–
Appellant.**

**No. 93–5185.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1993.

Decided Feb. 4, 1994.

Joseph M. Whittle, Randy W. Ream, Terry Cushing (argued and briefed), Asst. U.S. Attys., Louisville, KY, for plaintiff-appellee.

Samuel Manly (argued and briefed), Louisville, KY, for defendant-appellant.

Before: MARTIN and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Defendant, James C. Coleman, appeals the sentence he received after pleading guilty to fourteen counts of bank fraud in violation of 18 U.S.C. § 1344, and eight counts of theft of mail matter in violation of 18 U.S.C. § 1708.

For the following reasons, we vacate the sentence imposed by the district court and remand for resentencing.

## I.

In February 1992, Coleman organized and executed a scheme to defraud local financial institutions by stealing the mail of local residents and cashing forged checks, using information obtained from the thefts. At the time, defendant was on parole from a state sentence of imprisonment imposed for convictions of assault in the first degree and manslaughter in the first degree. Subsequent to committing the instant offenses, defendant's parole was revoked for unrelated reasons and he was returned to the Kentucky State Reformatory as a parole violator. He was indicted for the instant offenses, pleaded guilty, and was convicted and sentenced in January 1993. At the time of sentencing for the federal offenses, defendant was eligible for re-parole from state prison in May 1996, and eligible for release on his state sentence in November 2001.

The district court imposed a sentence of twenty-seven months for each of the twenty-two offenses of conviction, and ordered the sentences to run concurrently with one another for a total federal sentence of only twenty-seven months. Over defendant's objection, and primarily because the federal and state crimes were separate and distinct from one another, the district court ordered the twenty-seven month federal sentence to run consecutively to defendant's state sentence. Defendant now appeals the imposition of a consecutive sentence arguing that the district court failed to follow the relevant guidelines.

## II.

The district court has discretion to impose a sentence concurrently or consecutively on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a) (1988); *see United States v. Stewart*, 917 F.2d 970, 972 (6th Cir.1990) (stating the Sentencing Commission was directed by Congress to promulgate guidelines on this issue). However, Congress has directed the district courts, in making this

determination, to "consider" the applicable guidelines and policy statements in effect at the time of sentencing. 18 U.S.C. § 3584(b) (1988); 18 U.S.C. § 3553(a) (1988).

The pertinent guideline here, U.S.S.G. § 5G1.3, was written in response to the statutory duty imposed upon the Sentencing Commission to include in the guidelines "a determination whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively." 28 U.S.C. § 994(a)(1)(D). This particular guideline has been amended several times, but, at the date of defendant's sentencing, the pertinent policy statement read:

**Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**

\* \* \* \* \* \*

(c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

U.S.S.G. § 5G1.3(c) (Nov. 1992).

Because Application Note 3 of the commentary to § 5G1.3 interprets this policy statement and explains how it should be applied, a sentencing court is bound to consider its implications. *Stinson v. United States,* — U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). That note reads, in its entirety:

Where the defendant is subject to an undischarged term of imprisonment in circumstances other than those set forth in subsections (a) or (b), subsection (c) applies and the court shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses. In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required. To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the

instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time. It is recognized that this determination frequently will require an approximation. Where the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines. Where the offense resulting in the undischarged term of imprisonment is a federal offense for which a guideline determination has previously been made, the task will be somewhat more straightforward, although even in such cases a precise determination may not be possible.

It is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process. Additionally, this methodology does not, itself, require the court to depart from the guideline range established for the instant federal offense. Rather, this methodology is meant to assist the court in determining the appropriate sentence (*e.g.,* the appropriate point within the applicable guideline range, whether to order the sentence to run concurrently or consecutively to the undischarged term of imprisonment, or whether a departure is warranted). Generally, the court may achieve an appropriate sentence through its determination of an appropriate point within the applicable guideline range for the instant federal offense, combined with its determination of whether that sentence will run concurrently or consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3, comment. (n.3) (1992).

According to this guideline, a sentencing court should begin by considering whether imposing a consecutive sentence is necessary to punish the defendant for the instant offense. The applicable guideline range for the instant offense, of course, will be highly relevant in this consideration. "To the ex-

tent practicable," the court should utilize the methodology called for in the commentary to determine whether imposing a consecutive sentence within that range results in a reasonable incremental punishment for defendant. But, because the methodology "is meant to assist the court in determining the appropriate sentence," it will not always be necessary to follow the precise methodology called for under § 5G1.3 (and § 5G1.2), since there may be circumstances which will warrant the court in resorting to a simpler method of achieving a result which is the practical equivalent of the more complex computations. *See, e.g., United States v. Hunter*, 993 F.2d 127 (6th Cir.1993) (where the majority affirmed a consecutive sentence imposed without undertaking the methodology, as the sentence "allowed for incremental punishment").

Here, the sentencing judge stated his belief that a consecutive sentence was necessary to achieve a reasonable incremental punishment for the federal offenses, because the conduct involved was "separate and distinct" from the conduct underlying the state offense for which the defendant was presently incarcerated, and because the total federal offense was only twenty-seven months.

However, the judge did not expressly turn his attention to § 5G1.3(c) and Application Note 3 of the commentary, and we do not have the benefit of his thoughts in that context concerning what would constitute a reasonable incremental penalty. We note that both parties to the appeal have performed sentencing calculations which they argue conform to the methodology called for by Application Note 3 and they reach different results. Under the circumstances, we are unable to determine whether the district court's failure to expressly address the guideline and commentary resulted in an incorrect application of the Sentencing Guidelines.

## III.

Accordingly, we must vacate the sentence and remand the cause to the district court for resentencing consistent with this opinion.

CONTIE, Senior Circuit Judge.

I concur that the sentence imposed by the district court should be vacated and the case should be remanded for resentencing. On remand, I believe,. however, that the following steps should be taken: (1) because in the present case it is practicable to make the calculation specified in U.S.S.G. § 5G1.3(c), Application Note 3, the calculation should be made; and (2) that if the district court departs from the applicable analysis, it must explain its rationale for doing so. *See United States v. Gullickson*, 981 F.2d 344, 348–49 (8th Cir.1992); *United States v. Jackson*, 990 F.2d 251, 254–55 (6th Cir.1993). The Supreme Court has stated in *Stinson v. United States*, — U.S. ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993) that the commentary to the United States Sentencing Guidelines is binding. I believe the commentary found in U.S.S.G. § 5G1.3(c), Application Note 3 directs the sentencing court to make the recommended calculation, to the extent practicable, in order to provide a benchmark for the length of a reasonable incremental consecutive penalty if one is to be imposed. It would be inequitable to impose a consecutive term of imprisonment on a prisoner who has committed separate state and federal offenses that is much longer than the sentence the prisoner would have received if he had committed two separate federal offenses. This potential inequity is addressed by Application Note 3, and the required methodology should be adhered to unless it is not practicable. I agree with the concurrence in *United States v. Hunter*, 993 F.2d 127, 131 (6th Cir.1993) [1] that the guidelines do not give a district court unfettered discretion to ignore this analysis, and that a sentencing court has discretion to abandon the process dictated by

---

1. Although this court in *United States v. Hunter*, 993 F.2d 127 (6th Cir.1993) did not remand for the calculation to be made, in *Hunter*, the required methodology was impracticable, and the court believed that a remand would not have changed the sentencing outcome because the sentence imposed approximated the total punish-

ment that would have been imposed under U.S.S.G. § 5G1.2. In the present case, defendant contends that the punishment imposed exceeds the total punishment that would have been imposed under U.S.S.G. § 5G1.2. I believe a remand is necessary to determine if this contention has merit.

Application Note 3 and use a simpler approach only if the required methodology is entirely impracticable or unduly complicating and prolonging of the sentencing process. As I previously stated, in the present case it is not impracticable or unduly complicating, and, therefore, on remand the calculation should be made.