38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald USHER, Defendant-Appellant.
 No. 93-2227.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1994.
 
 Before: KEITH, NELSON, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant challenges both his criminal conviction and his sentence on appeal. For the reasons provided below, we AFFIRM the district court's evidentiary ruling and its denial of defendant's motion for acquittal. We VACATE defendant's sentence and REMAND to the district court for resentencing.
 
 I.
 
 2
 Defendant, Ronald Usher, was charged with five counts of criminal conduct in a second superseding indictment: (1) conspiracy to transport a motor vehicle in interstate commerce under 18 U.S.C. Sec. 371 (Count 3); (2) conspiracy to possess and distribute counterfeit currency under 18 U.S.C. Sec. 371 (Count 7); and (3) three counts of altering or removing motor vehicle identification numbers under 18 U.S.C. Sec. 511 (Counts 8-10). The jury returned guilty verdicts against defendant on Counts 3, 7, 8, and 10 and not guilty verdict on Count 9. The presentence report indicated an offense level of 14 and a criminal history category of VI. The district court sentenced defendant to a forty-two month term of incarceration for each of the four counts, to be served concurrently.
 
 II.
 
 3
 At trial, Thomas Cunningham testified that he was acquainted with Nicholas Crowder, and that they agreed to sell stolen cars. Additionally, in 1991, they began obtaining and passing counterfeit currency. Shortly after his arrest, Cunningham began cooperating with the police. At the request of the police investigators, Cunningham met with defendant and tape recorded their conversation. In the conversation, defendant indicated that he previously "retagged" vehicles. He also stated that he stole a car from a dealership and that he had to pop the windshield off to gain access to the vehicle identification plate. He indicated that "Nick" provided him with a "bare code tag" and "stickers" to change the vehicle identification numbers, and that the car was titled as a "Virginia car."[1]
 
 
 4
 Alfred Hofbauer, an unindicted coconspirator, testified that on two occasions, he drove defendant to different places to obtain stolen vehicles at Crowder's request. On the first occassion, Hofbauer drove defendant to a car dealership. Subsequently, Hofbauer saw Usher driving a Bonneville and indicated that defendant told him that the car was going to be retagged. The evidence also established that the car stolen from the dealership later was seized, and that its identification number (VIN) was altered. On the second occasion, Hofbauer drove defendant to a residence and defendant returned with a vehicle to be retagged.
 
 
 5
 With respect to the conspiracy to pass counterfeit notes, Hofbauer testified that he gave defendant one of the counterfeit $100 notes that Crowder and Cunningham had been passing, offering to split the proceeds with defendant if he would cash it. Defendant agreed, indicating that he would use the counterfeit bill to purchase marihuana, and return $50 in legal currency to Hofbauer.
 
 III.
 
 6
 Defendant first argues that the tape recorded conversations should not have been admitted under Fed.R.Evid. 801(d)(2)(E). To be reversed on appeal, the district court's findings must be clearly erroneous. Bourjaily v. United States, 483 U.S. 171, 181 (1987); United States v. Breitkreutz, 977 F.2d 214 (6th Cir.1992). Based on the record before us, we find that the district court's ruling was not clearly erroneous, and therefore, affirm its decision to admit the taped conversations into evidence. Bourjaily, 483 U.S. at 176; United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989).
 
 
 7
 Defendant also argues that the district court erred in denying his motion for acquittal under Fed.R.Crim.P. 29. On appeal, we view the evidence in the light most favorable to the verdict and, determine whether the evidence is sufficient to support the verdict. United States v. Overmyer, 867 F.2d 937, 938-39 (6th Cir.), cert. denied, 493 U.S. 813 (1989). Thus, we must affirm if any rational trier of fact could have found the essential elements of the crime. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Further, the evidence presented need not remove every reasonable hypothesis except that of guilt. United States v. Stone, 748 F.2d 361, 362 (6th Cir.1984), cert. denied, 498 U.S. 822 (1990).
 
 
 8
 Viewing the evidence in a light most favorable to the government, a rational trier of fact could have found the elements of conspiracy in Counts 3 and 7. Lee, 991 F.2d at 347. Thus, sufficient evidence supports these convictions. With respect to Counts 8 and 10, we find that even without considering defendant's taped admission, the evidence provided by Hofbauer, and the fact that the false VINs on both cars were identical, is sufficient to justify a reasonable jury's conclusion that defendant altered the VINs. Therefore, we affirm the district court's denial of defendant's motion for acquittal.
 
 IV.
 
 9
 The government correctly concedes that: (1) Defendant was incorrectly assigned two criminal points in p 46 of the presentence report when only one point should have been assessed; (2) another criminal history point should be dropped because the total number of points that can be assigned under Sec. 4A1.1(c) cannot exceed four; and (3) under p 53 of the presentence report, the two points added pursuant to application of Sec. 4A1.1(e) should be dropped because the predicate for that factor is not an offense under Sec. 4A1.1(a) or (b). These adjustments result in a criminal history point total of 10, which is a criminal history category V. We find, therefore, that defendant was incorrectly assessed criminal history points and thus the sentence was not issued from the properly computed guideline range. Thus, we must remand for resentencing. This renders moot defendant's argument that the district court erred in not granting defendant a downward departure because Level VI "over-represented" defendant's criminal history.
 
 
 10
 Defendant also argues that his state and federal offenses involve the same relevant conduct and thus his federal sentence should be served concurrent with, rather than consecutive to, his state sentence. Although a district court has discretion to impose a sentence concurrently or consecutively on a defendant who is subject to an undischarged term of imprisonment, the court must indicate that it has imposed the sentence based upon the applicable guidelines and policy statements. United States v. Coleman, 15 F.3d 610, 611-12 (6th Cir.1994). Because the sentencing judge did not expressly rely upon Sec. 5G1.3(c) and Application Note 3 of the commentary, we cannot determine what his thoughts were concerning what would constitute a reasonable incremental penalty. Therefore, we are unable to determine whether the district court's failure to address the guideline and commentary resulted in an incorrect application of the Sentencing Guidelines. See Coleman, 15 F.3d at 613. On remand, the district court should resentence consistent with the principles articulated above.
 
 V.
 
 11
 For the reasons set forth above, we AFFIRM the judgment below, but vacate the sentence and REMAND the cause for resentencing.
 
 
 
 [1]
 Defendant also stated that Hofbauer approached him about cashing a counterfeit $100 bill, and that he took it to purchase some marihuana