41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond RILEY, Defendant-Appellant.
 No. 94-2012.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Raymond Riley appeals his sentence for theft of government property, 18 U.S.C. 641. We have jurisdiction pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742(a).
 
 
 2
 On October 5, 1993, Defendant pleaded guilty to theft of government property, 18 U.S.C. 641. On December 18, 1993, the district court sentenced Defendant to twenty-one months imprisonment and ordered the sentence to run consecutively to Defendant's undischarged sentence for felon in possession of a firearm, 18 U.S.C. 922(a)(1) and 924(a)(2). When questioned by defense counsel concerning the appropriateness of a consecutive sentence, the district court responded to the inquiry by stating that the sentence imposed was "the appropriate sentence." This appeal followed.
 
 
 3
 On appeal, Defendant contends the district court improperly applied U.S.S.G. 5G1.3(c) in imposing his consecutive sentence. Specifically, Defendant contends the district court failed to consider the sentencing methodology set forth in the commentary to 5G1.3(c) in imposing his sentence. The government agrees the district court erred in imposing Defendant's sentence. We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. McAlpine, 32 F.3d 484, 487-88 (10th Cir.1994).
 
 
 4
 In general, a district court has broad discretion in choosing to sentence a defendant to a consecutive or concurrent sentence. See 18 U.S.C. 3553(a), 3584(a), (b). The court's discretion is confined, however, by 5G1.3 of the Guidelines when it seeks to impose a consecutive or concurrent sentence upon a defendant subject to an undischarged term of imprisonment. See United States v. Shewmaker, 936 F.2d 1124, 1127 (10th Cir.1991), cert. denied, 112 S.Ct. 884 (1992).
 
 
 5
 Defendant was sentenced under the 1991 version of the Guidelines. The 1991 version of 5G1.3(c)[3] provides that a district court must impose a consecutive sentence to a prior undischarged term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. 5G1.3(c) (1991 version). The commentary to 5G1.3(c) sets forth a sentencing methodology to assist the court in determining whether a consecutive sentence achieves "a reasonable incremental punishment." Under this methodology, the district court must first determine the total punishment for both the undischarged and instant offenses as if 5G1.2 (Sentencing on Multiple Counts of Conviction) applied. U.S.S.G. 5G1.3 application note 3. After determining this total, "[t]o the extent practicable, the court shall impose a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under 5G1.2 ... had all the offenses been federal offenses for which sentences were being imposed at the same time." Id.
 
 
 6
 Although the application of this methodology may be complex, we recently held that a district court " 'should utilize the methodology called for in the commentary to determine whether imposing a consecutive sentence within [the guideline] range results in a reasonable incremental punishment for [a] defendant.' " United States v. Johnson, No. 94-7004, slip op. at 8 (10th Cir. Nov. 16, 1994) (quoting United States v. Coleman, 15 F.3d 610, 612 (6th Cir.1994)). Johnson further holds that if a district court departs from the analysis required by 5G1.3(c), it must explain its reason for doing so. Id. at 9.
 
 
 7
 In the instant case, the reason given by the district court for imposing a consecutive sentence was that the consecutive sentence was "the appropriate sentence." This statement does not indicate the district court considered 5G1.3(c) or the applicable methodology when it imposed Defendant's consecutive sentence. Consequently, we are unable to determine whether the sentence imposed by the district court constituted a reasonable incremental punishment under 5G1.3(c). As a result, we must remand for resentencing. On remand, the district court should employ the methodology under 5G1.3(c) and impose sentence accordingly. See Johnson, slip op. at 8. If the district court departs from the analysis required pursuant to 5G1.3(c), it must explain its reason for doing so. Id. at 9 (citing instances where the methodology may be impracticable to apply but requiring a district court to explain its reasons for departing from the methodology).
 
 
 8
 In conclusion, we REMAND to the district court with instructions that it vacate Defendant's sentence and resentence Defendant consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 The parties agree that U.S.S.G. 5G1.3(a) and (b) do not apply in the instant case