43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Milton BREWER, Defendant-Appellant.
 Nos. 94-5330, 94-5347.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 Before: LIVELY and SUHRHEINRICH, Circuit Judges; and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal of defendant-appellant's sentences presents one issue: whether the district court abused its discretion by imposing his sentences to run consecutively to a prior undischarged term of imprisonment. For the reasons provided below, we VACATE the sentence imposed by the district court and REMAND for resentencing.
 
 
 2
 Defendant entered guilty pleas in three separate indictments. With respect to the first indictment, a violation of 18 U.S.C. Sec. 841(a)(1), defendant was sentenced to forty-one months. The latter two cases were consolidated for sentencing, in order to compute the guideline offense level. At sentencing defendant requested that his sentence run concurrently with the forty-one month sentence he received in the first case. On February 17, 1994, the district court sentenced defendant to twenty-five months on each case, to run concurrently with each other, but consecutively to the forty-one month sentence imposed in the first case. The sentencing court stated that the sentences would run consecutively to his prior conviction for a drug-related offense because the prior conviction involved a different crime and thus defendant should receive two different punishments to account for the two different crimes. Defendant timely appeals his sentences, asserting that the sentences imposed in the second and third cases should have run concurrently with the sentence imposed in the first case.
 
 
 3
 Defendant argues that the district court failed to specifically address the factors set forth at 18 U.S.C. Sec. 3553(a) and U.S.S.G. Sec. 5G1.3's policy statement at sentencing. This court reviews a district court's decision to order concurrent or consecutive sentences for abuse of discretion. United States v. Devaney, 992 F.2d 75, 77 (6th Cir.), cert. denied, 114 S.Ct. 237 (1993). Abuse of discretion exists if the reviewing court is firmly convinced that a mistake has been made. United States v. Salisbury, 983 F.2d 1369 (6th Cir.1993).
 
 
 4
 It is undisputed that at the time of sentencing, defendant was subject to an undischarged term of imprisonment for a separate federal offense. Although both parties agree that U.S.S.G. Sec. 5G1.3 governs the sentencing procedure, they disagree as to whether subsection (a) or (c) applies in the instant case. The government errantly suggests that subsection (a) applies because at the time of his current conviction, defendant was free on bond following his November 12, 1993 sentencing in the drug case. Subsection (a), however, only applies "[i]f the instant offense was committed ... after sentencing for, but before commencing service of," the prior undischarged term of imprisonment. U.S.S.G. Sec. 5G1.3(a) (emphasis added). Thus, application of subsection (a) hinges on the time the offense was committed, and not when the conviction occurred. Here, the offenses for which defendant pled guilty in the second and third cases were committed before, not after, defendant was sentenced in the first case. Therefore, subsection (a) is inapplicable. Accordingly, we find that Sec. 5G1.3(c) applies in the instant action.
 
 
 5
 Defendant argues that the district court should have discussed explicitly the factors provided at 18 U.S.C. Sec. 3553(a), in order to determine whether defendant's sentence should have run consecutively to his prior undischarged federal sentence to achieve a reasonable incremental punishment pursuant to U.S.S.G. Sec. 5G1.2. He argues that the sentences should have been imposed concurrently so he would not have to serve a greater sentence. He asserts that if he had entered guilty pleas in all three criminal cases at the same time, U.S.S.G. Sec. 5G1.2 would have been used to determine how to group the offenses, even though the three crimes involved different criminal acts, and that he would have received concurrent rather than consecutive sentences for the crimes.
 
 
 6
 Pursuant to 18 U.S.C. Sec. 3584 and U.S.S.G. Sec. 5G1.3, the district court has discretion to impose a sentence concurrently or consecutively on a defendant who is subject to an undischarged term of imprisonment. United States v. Coleman, 15 F.3d 610, 611 (6th Cir.1994); United States v. Hunter, 993 F.2d 127, 129-30 (6th Cir.1993). In making this determination, the district court must "consider" the applicable guidelines and policy statements in effect at the time of sentencing. Coleman, 15 F.3d at 612. The factors that should be considered by the sentencing court in determining the proper sentencing are set forth at 18 U.S.C. Sec. 3553(a). As stated by the Hunter court, "[t]he goal of U.S.S.G. Sec. 5G1.3 is to provide incremental punishment and to approximate the total punishment that would have been imposed under U.S.S.G. Sec. 5G1.2." Id. at 130.
 
 
 7
 The record on appeal should reflect that the district court considered the factors listed in 18 U.S.C. Sec. 3553(a), and Application Note 3 of the commentary to Sec. 5G1.3, because it interprets the policy statement and explains how it is to be applied. Coleman, 15 F.3d at 612. Application Note 3 states that at sentencing, the district court "should consider a reasonable incremental penalty ... that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under Sec. 5G1.2 (Sentencing on Multiple Counts of Conviction)...." U.S.S.G. Sec. 5G1.3, comment. (n. 3).
 
 
 8
 Here, the district court stated its belief that a consecutive sentence was warranted because the conduct involved in the latter two offenses was "separate and distinct" from the conduct underlying the first offense for which defendant received a forty-one month sentence. The district court stated at sentencing:
 
 
 9
 You had an additional conviction previously involving an unrelated matter, and I'm going to run these sentences concurrently on the offenses that you're being sentenced on today, but I'm going to run it consecutively to the drug count because those are two different crimes and require two different punishments.
 
 
 10
 (J.A. at 109-110). Nevertheless, the district court did not expressly consider Sec. 5G1.3 nor Application Note 3 of the commentary. We cannot find that the district court did not abuse its discretion on the record developed at sentencing. It is clear that the goal of Sec. 5G1.3 is to provide incremental punishment that will approximate the total punishment that would have been imposed under Sec. 5G1.2. Coleman, 15 F.3d at 612; Hunter, 993 F.2d at 130. Defendant contends that if he had entered guilty pleas to all three indictments at the same time, his sentences would have run concurrently. Because it appears that the judge did not expressly rely upon Sec. 5G1.3(c) and Sec. 3553(a), we cannot determine what the sentencing judge's thoughts were concerning what would constitute a reasonable incremental penalty that results in a combined sentence of imprisonment that would approximate sentencing under Sec. 5G1.2. Therefore, we are unable to determine whether the district court's failure to address the guideline and commentary resulted in an incorrect application of the Sentencing Guidelines. See Coleman, 15 F.3d at 613.
 
 Conclusion
 
 11
 Accordingly, we must VACATE the sentence imposed by the district court for resentencing consistent with the principles discussed above.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation