**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Neil R. ROZENSKY, Defendant–**
**Appellant.**

**No. 00–3378.**

United States Court of Appeals,
Sixth Circuit.

May 4, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

*ORDER*

Neil R. Rozensky, a federal prisoner proceeding through counsel, appeals the

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

sentence imposed following his conviction for conspiracy to distribute over 100 grams of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 21, 1999, Rozensky was charged by information with the above offense for conduct committed from June 1998 to June 1999. He subsequently waived his right to an indictment and pleaded guilty on December 3, 1999, pursuant to a written plea agreement. In the presentence investigation report (PSR), the probation officer calculated Rozensky's total offense level as 23, his criminal history category as V, and the resulting sentencing guideline range as 84 to 105 months of incarceration. The district court, after rejecting Rozensky's objections to the PSR, sentenced Rozensky on March 17, 2000, to 84 months of incarceration, 3 years of supervised release, and a special assessment of $100.00. The district court imposed the term of imprisonment consecutively to a separate federal prison term for an unrelated conviction.

In his timely appeal, Rozensky argues that the district court abused its discretion by sentencing him to a consecutive term of imprisonment rather than a concurrent term.

■ This court reviews for an abuse of discretion a district court's decision to impose a sentence concurrently or consecutively to an undischarged term of imprisonment. *United States v. Coleman,* 15 F.3d 610, 611 (6th Cir.1994). The record on appeal should reflect that the district court considered the factors listed in 18 U.S.C. § 3553(a), USSG § 5G1.3, and relevant commentary to § 5G1.3, *see Coleman,* 15 F.3d at 612, as the aim is to "achieve a reasonable punishment and avoid unwar-

ranted disparity...." *See* USSG § 5G1.3, comment. (n.3). However, the district court is not required to use the commentary methodology in making its decision or else depart from the sentencing guidelines. *United States v. Covert,* 117 F.3d 940, 945–46 (6th Cir.1997).

■ Upon review, we conclude that the district court did not abuse its discretion. The record as a whole indicates that the district court considered § 5G1.3(c) and the relevant commentary before imposing a consecutive sentence. First, from having read the PSR and Rozensky's objections, the court was aware of the commentary methodology and of its discretion to impose a concurrent sentence. *See Covert,* 117 F.3d at 946. The probation officer in fact recommended a concurrent sentence of 94 months based on Rozensky's history of drug abuse, drug trafficking, and skirmishes with the law. Second, although the district court did not specifically refer to § 3553(a) or § 5G1.3, it did consider certain factors listed therein. At sentencing, defense counsel addressed the history and characteristics of Rozensky, stating that he was a family man with a legitimate business who had been drug-free for two years. *See* 18 U.S.C. § 3553(a)(1). Counsel further pointed out that the instant offense was unrelated to and was not a repeat of the prior offense, which was the unauthorized use of access devices. But the district court responded by noting the circumstances of the prior offense:

> He did it in a very reprehensible way. It appears to me from reading his history that he started to work in nursing homes and care facilities where he was in a position to take advantage of people who were not able to look after themselves because of their age or infirmity, and he took their credit cards, took their drugs.

(J.A., p. 56). The court then rejected Rozensky's plea for mercy as a father, stating, "Maybe some of the people you sold heroin to have sons and daughters, too." (J.A., p. 59). Thus, the court endeavored to sentence Rozensky in a manner which would "achieve a reasonable punishment and avoid unwarranted disparity...." *See* USSG § 5G1.3, comment. (n.3).

Accordingly, the district court's judgment is affirmed.