**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nathaniel HUNT, Defendant–Appellant.**

**No. 00–3881.**

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2002.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

PER CURIAM.

In this sentencing appeal, defendant Nathaniel Hunt challenges the district court's failure to run his 57–month sentence for armed bank robbery completely concurrently with a prior undischarged sentence for a similar offense that actually occurred after the offense at issue here. We find no reversible error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Hunt pleaded guilty in April 2000 to one count of bank robbery and a related count of using of a firearm in relation to the commission of a violent crime. At the time, Hunt was in the midst of serving a 63–month sentence for a separate robbery, for which he had been convicted in 1996. At his June 2000 sentencing hearing, Hunt requested that, pursuant to United States Sentencing Guideline § 5G1.3, the district court order that his sentence for the second bank robbery conviction run concurrent with his undischarged sentence for his first conviction, and that the second sentence commence as of the date of arrest for the first bank robbery conviction (August 1996) or, in the alternative, as of the time of sentencing for the first bank robbery conviction (January 1997).

The district court decided that Hunt's second bank robbery sentence should run concurrent with the undischarged sentence—but only as of the date of sentencing, June 27, 2000. As a result, the two sentences would run concurrently for only 17 months, and Hunt would be required to serve the remaining 40 months of the second sentence after the first sentence was discharged. In addition, as mandated by statute, the district court ordered that Hunt's 60–month sentence for the firearm count run consecutive to Hunt's second bank robbery sentence. Hunt now appeals the district court's sentencing order.

## DISCUSSION

The district court has discretion to impose a sentence concurrently or consecutively on a defendant who is already subject to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584(a). In exercising this discretion, the district court is required to consider the applicable guidelines and policy statements in ef-

fect at the time of sentencing. *See* 18 U.S.C. § 3553(a). The district court's "[d]ecision[ ] to impose a consecutive or concurrent sentence [is] reviewed for abuse of discretion." *United States v. Lawson,* 266 F.3d 462, 466 (6th Cir.2001).

Section 5G1.3 of the United States Sentencing Guidelines addresses the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. Subsection (a) of the guideline has no application here. Subsections (b) and (c), which are potentially implicated here, provide as follows:

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3. On appeal, the defendant complains that "the district court did not take into account U.S.S.G. § 5G1.3(b) or (c) or the appropriate federal statutes: §§ 3553 and 3584." We find no basis in the record to support this allegation.

■ The defendant's argument with regard to § 5G1.3(b) appears to be based on the contention that the two robberies for which he was convicted and sentenced were "precisely the same crime" and part of "the same course of conduct." Disregarding for the moment that this contention is a vast overstatement, based upon our reading of the facts in the two unrelated robbery cases, we disagree with the defendant's further conclusion that if he had been charged and convicted of both crimes at the same time, he would have served only a single sentence.

Subsection (b), by its terms, applies only where "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." In this case, the offense giving rise to the undischarged sentence was *not* factored into the calculation of Hunt's offense level, although it was considered in determining his criminal history score. Hence, subsection (b) is not applicable here.

Moreover, although it has been held by at least one circuit court that "relevant conduct" should be subject to concurrent sentencing under subsection (b), *see United States v. Fuentes,* 107 F.3d 1515 (11th Cir.1997); *but see United States v. Williams,* 260 F.3d 160, 167–68 (2d Cir.2001)(rejecting the *Fuentes* analysis), the offense giving rise to the undischarged sentence in this case cannot be considered "relevant conduct." U.S.S.G. § 1B1.3(a)(2) instructs us to treat as relevant conduct certain acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." By its terms, however, this instruction applies "*solely* with respect to offenses of a character for which § 3D1.2(d) would require *grouping* of multiple counts . . . ." (Emphasis supplied.)

Section 3D1.2 requires grouping of "[a]ll counts involving substantially the same harm." To involve "substantially the same harm," the counts must come within one of four subsections. The first two of these subsections ((a) and (b)) have no possible application here, notwithstanding that (b) speaks of a "common scheme or plan," because they both specify that the counts must "involve the same victim." Subsec-

tion (c) is likewise inapplicable on its face, which brings us to the final subsection. That subsection has potential application "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss ... or if the offensive behavior is ongoing or continuous in nature ...." U.S.S.G. § 3D1.2(d).

Although it is sometimes necessary to make case-by-case determinations with regard to the applicability of § 3D1.2(d), this guideline contains a bright-line test for many offenses. These are offenses set forth in one or the other of two lengthy lists of specific "offense conduct" guidelines. Offenses covered by guidelines in the first list "are to be grouped under this subsection," § 3D1.2(d) provides. Offenses covered by the guidelines in the second list, on the other hand, are "[s]pecifically excluded from the operation of this subsection." *Id.*

In the case before us, the defendant's various robbery offenses are covered by U.S.S.G. § 2B3.1—a section included in the *second* list. Because all offenses covered by guidelines named in § 3D1.2(d)'s second list are "[s]pecifically excluded from the operation of this subsection," it necessarily follows that the robbery counts against Hunt may not be grouped under § 3D1.2.

Without grouping, to recapitulate, § 1B1.3 does not require that the offense giving rise to the undischarged sentence be treated as relevant conduct as "part of the same course of conduct or common scheme or plan as the offense of conviction." That being so—and because it is obvious that the other offense was not, in the language of § 5G1.3(b), "taken into account in the determination of the offense level for the instant offense"—there is no basis on which to find that § 5G1.3(b) is applicable in this case.

It follows that § 5G1.3(c) is applicable here. The commentary interpreting sub-section (c) is found in Application Note 3, which provides in part as follows:

[T]he court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:

(a) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(b) the time served on the undischarged sentence and the time likely to be served before release;

(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3, comment (n.3) (1998).

We have made clear that the district court has broad discretion under subsection (c), but that discretion is not without bounds: "[T]he record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *United States v. Covert,* 117 F.3d 940, 945 (6th Cir.1997).

Here, the defendant argues that the district court abused its discretion in ordering only a partially concurrent sentence by failing to "mak[e] the statutorily required findings on the record." Whether the district court recited any specific findings on the record, however, is not the test for abuse of discretion. Rather, the question is whether the district court "turned its attention" to the applicable statutes and guidelines. *Covert,* 117 F.3d at 945. In

making this determination, we review "the totality of the record." *Id.*

For example, in *Covert*, the court refused to find an abuse of discretion in the district court's decision to impose a consecutive sentence in spite of the fact that the district court did not, on the record, specifically invoke the considerations of section 5G1.3(c). 117 F.3d at 946. There, it was implicit that the district court turned its attention to the appropriate factors because, among other things, the defendant's counsel went through the guideline methodology just prior to the imposition of sentence, and the court made a general statement that it had considered "the pertinent policy statements ... and the commentary of the sentencing commission." *See id.*

Here, too, a review of the record as a whole shows that the district court properly turned its attention to section 5G1.3(c) and the applicable commentary before imposing a partially concurrent sentence. First, at the sentencing hearing, the defendant alerted the district court to the fact that the "most important issue" to be resolved was determining whether and to what extent the two sentences in question would be served concurrently. Second, defense counsel referred the district court to the defendant's previously-filed memorandum of law regarding the application of section 5G1.3(c) and 18 U.S.C. § 3553(a) to Hunt's sentence and arguing for the sentence to run concurrently. Third, the government responded to the arguments in Hunt's sentencing memorandum by urging the court to "exercise [its] discretion" in determining whether to give a concurrent or consecutive sentence in light of the government's position that Hunt's prior offense "would not have been grouped" with the crime in this case and "there would not have been a total concurrent sentence even if" the cases had been brought at the same time. Fourth, although the district judge did not specifically refer to 5G1.3(c) or 18 U.S.C. § 3553(a), he stated on the record immediately before imposing sentence that he had "reviewed the presentence investigation report," which contained information about Hunt's prior conviction and sentence, and had "take[n] everything into account."

We further note that the district court must have "turned its attention" to section 5G1.3(c) by deciding to run Hunt's sentence in this case *partially* concurrent with the sentence in the prior case, obviously in an attempt to approximate a "reasonable punishment" for the second robbery. U.S.S.G. § 5G1.3(c). Had the district court commenced Hunt's sentence at the time of his arrest for the prior robbery— which it had the discretion to do so long as the record showed it first properly turned its attention to the appropriate considerations—there would have been no incremental penalty for the second offense. Hunt's 60–month sentence for the firearm conviction does not constitute incremental punishment for the robbery offense, as that sentence must, by Congressional command, run consecutive to any other sentence imposed.

Our holding in *United States v. Coleman*, 15 F.3d 610 (6th Cir.1994), on which Hunt relies, does not change the result. In *Coleman*, which arose under the 1992 edition of the sentencing guidelines, we vacated the defendant's sentence and remanded for resentencing where the district court failed to "*expressly* turn [its] attention" to the section 5G1.3(c) commentary and perform a specific calculation required under Application Note 3. *Id.* at 613 (emphasis added). There is, however, a substantial difference in the commentary between the version of the guidelines applicable in *Coleman* and the version at issue here. The 1992 edition contained a detailed methodology for the district court to consider in exercising its discretion un-

der section 5G1.3(c). However, this detailed methodology has not appeared in the guidelines since they were amended effective November 1995. Indeed, our subsequent decision in *Covert*—which was decided under the pre-amendment version of the commentary for section 5G1.3(c)—shows that the failure to perform the specific calculation on the record does not translate into an abuse of discretion unless the totality of the record shows the district court failed to turn its attention to section 5G1.3(c) and the relevant commentary.

## CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.