**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William J. ISOM, Defendant–Appellant.**

**No. 02–4046.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

## ORDER

William J. Isom, a federal prisoner proceeding through counsel, appeals his sentence and conviction for attempted possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

While on probation for a state felony conviction for cocaine trafficking, Isom was arrested during a controlled drug buy arranged by the Drug Enforcement Administration. Isom was then convicted of the above offense at a federal bench trial, where he exercised his right to testify. At sentencing, counsel objected to an enhancement for obstruction of justice based on Isom's testimony and also argued that Isom deserved a three-level reduction in offense level because he had not completed the offense. *See* USSG §§ 3C1.1 and 2X1.1(b)(1). The district court denied both objections and sentenced Isom to 121 months in prison, to be served consecutively to any previous state or federal sentence. Judgment was entered on September 10, 2002.

■ On appeal, Isom first argues that the evidence presented at trial was insufficient to prove the intent and substantial step elements of attempt. Isom contends that his lack of intention to purchase cocaine was shown when he made excuses about needing to call someone, lacking money, or excessive price.

Evidence is sufficient to support a conviction if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "For an individual to be convicted of an attempt crime, the government must demonstrate a defendant's intent to commit the proscribed criminal conduct together with the commission of an overt act that constitutes a substantial step towards commission of the proscribed criminal activity." *United States v. Bilderbeck,* 163 F.3d 971, 974 (6th Cir.1999). A substantial step consists of objective acts which, when taken as a whole, "unequivocally corroborate" the subjective intent to purchase or sell narcotics. *Id.*

Sufficient evidence was presented. Isom committed a substantial step towards the crime of possession by engaging in active negotiations to purchase cocaine on July 24 and 25, 2001. *See id.* at 975. In addition to negotiating, Isom proceeded further and agreed with the confidential informant (CI) on a price of $22,000 per kilogram and quantity of two kilograms of cocaine. Isom's intent to possess two kilograms was proven by the $44,000 in cash in his car, the razor blades in his pocket, and testimony about his previous repeated cocaine dealings with the CI. *See id.* at 977 n.10. Isom's intent to distribute was proven through the quantity of cocaine agreed upon, his statements to the CI that he needed a lower price so that he could earn money on resale, and his statement to police that he had agreed to purchase one kilogram on behalf of someone else. The district court was free to disbelieve Isom's explanations about his conversations with the CI and his possession of cash, and this court will not second-guess that determination. *See United States v. Wells,* 211 F.3d 988, 1000 (6th Cir.2000); *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995).

■ Second, Isom argues that the district court erred by imposing an enhancement for obstruction of justice. Isom contends that the district court did not identify specific portions of his trial testimony which were perjurious, did not make findings that his statements satisfied each element of perjury, and did not find that his trial testimony significantly obstructed the investigation.

This court reviews the sentencing court's application of a sentencing guideline for clear error. *United States v. Boyd,* 312 F.3d 213, 217 (6th Cir.2002); *United States v. Jackson–Randolph,* 282 F.3d 369, 390 (6th Cir.2002). Before a § 3C1.1 enhancement may be applied, the government must prove by a preponder-

ance of the evidence that a defendant willfully obstructed, or attempted to obstruct, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense, and that the obstructive conduct related to the offense of conviction and relevant conduct, or to a closely related offense. *See* USSG § 3C1.1; *United States v. Dunham*, 295 F.3d 605, 609 (6th Cir.2002). The district court may not find that a defendant has obstructed justice merely because he testified and was then found guilty. *United States v. Nash*, 175 F.3d 429, 438 (6th Cir.1999). Instead, the district court must specify which statements were perjurious. *Id.* When specifying the perjurious statements, the district court does not need to "recite the perjury line by line, so long as its findings encompass the factual predicates necessary for a finding of perjury." *United States v. Sassanelli*, 118 F.3d 495, 501 (6th Cir.1997).

The district court did not commit clear error by applying the enhancement. In denying the objection at sentencing, the district court specifically identified the portions of Isom's perjurious testimony as paragraphs 11 and 18 in the presentence investigation report (PSR) and stated that Isom had given false testimony concerning the offense charged. The enhancement was proper as Isom wilfully provided materially false information to the judge which was related to the offense of conviction and which could have influenced the verdict. It was unnecessary for the district court to find that Isom's statements significantly obstructed the investigation as the district court imposed the enhancement because of Isom's trial testimony, rather than his false statement upon arrest. *See* USSG § 3C1.1, comment. (n.4(g)).

■ Isom next argues that he deserved a three-level reduction in offense level under USSG § 2X1.1(b)(1) because he had not completed the offense and was convicted for attempt.

The district court properly concluded that § 2X1.1 did not apply. Section 2X1.1 does not apply "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section...." USSG § 2X1.1(c)(1). Offense guidelines that expressly cover attempts include § 2D1.1, the guideline under which Isom was sentenced. *See* USSG § 2X1.1, comment. (n.1). *See United States v. Onheiber*, 173 F.3d 1254, 1256 (10th Cir.1999).

■ Finally, Isom argues that the district court abused its discretion by imposing a consecutive sentence and by failing to follow the factors set forth at 18 U.S.C. § 3553(a). He states that at the time of his federal sentencing hearing, his state sentence "was not yet reimposed."

Isom did not raise this issue below. Therefore, he has waived this issue on appeal unless he can demonstrate that the district court committed plain error. *See United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998).

A district court generally may impose a sentence concurrently or consecutively on a defendant who is already subject to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584(a); *United States v. Coleman*, 15 F.3d 610, 611–12 (6th Cir.1994). However, the record on appeal must reflect that the district court considered the factors listed in 18 U.S.C. § 3553(a), USSG § 5G1.3, and relevant commentary to § 5G1.3. *See Coleman*, 15 F.3d at 612 (applying 1992 version of guidelines).

Review of the PSR and the sentencing hearing transcript does not indicate any attempt by the district court to apply any of the methodologies set forth in the commentary to § 5G1.3(c), the particular subsection applicable to Isom. Although the district court's failure to do so was error, *see United States v. Collins*, No. 98–5716, 1999 WL 717961, at *6 (6th Cir. Sept. 10,

1999) (unpublished); *Coleman,* 15 F.3d at 613, this error did not seriously affect the fairness of sentencing and must be disregarded. *See* Fed.R.Crim.P. 52(a). Although a district court may not impose a federal sentence "to be served consecutively to a not-yet-imposed state sentence," *see United States v. Quintero,* 157 F.3d 1038, 1039 (6th Cir.1998), Isom's PSR indicated that his original state sentence was reimposed on August 6, 2002, one month before his federal sentencing hearing. Isom did not object to this portion of the PSR at sentencing and he does not now allege that reimposition of the state sentence occurred on any other day, despite his conclusory allegation that the state sentence "was not yet reimposed."

Accordingly, the district court's judgment is affirmed.