NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0125n.06

No. 20-1259

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

   v.

EDWARD PEREZ-RIOS,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Mar 10, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

---

BEFORE: BATCHELDER, GRIFFIN, and BUSH, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Edward Perez-Rios pleaded guilty to receipt and attempted receipt of child pornography. The district court sentenced him to 192 months' imprisonment and ordered that his sentence run consecutively to an undischarged state sentence. On appeal, Perez-Rios argues that the district court's decision to impose a consecutive sentence was procedurally and substantively unreasonable because it did not consider the factors described in Application Note 4(A) of U.S.S.G. § 5G1.3(d). We reject his argument and affirm.

I.

In 2016, a Michigan state court convicted Perez-Rios of possession of child sex abuse material and use of a computer to commit a crime. He received a sentence that included five years' probation. In 2018, he violated his probation by committing welfare fraud.

While Perez-Rios awaited sentencing on his probation violation, a federal grand jury indicted him on three counts of receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The state court then sentenced Perez-Rios to an indeterminate sentence of 18 months to 7 years for his probation violation.

Pursuant to a Rule 11 plea agreement, Perez-Rios pleaded guilty to one count of receipt and attempted receipt of child pornography. The remaining charges were dismissed. At sentencing, the district court considered the 18 U.S.C. § 3553(a) factors and imposed a 192-month sentence, which was near the bottom of his Guidelines range.

Before the court adjourned the sentencing hearing, the government asked for clarification on whether Perez-Rios's federal sentence would run concurrently or consecutively to his state sentence. After hearing argument from defense counsel, the court ordered the federal sentence to run consecutively to the state sentence. The court reasoned that "[t]he State's interest in enforcing their laws regarding child sex abuse are different and separate from . . . the interests of the federal government." The court also noted that the State of Michigan is a "separate entity and a separate sovereign." Perez-Rios did not object to this reasoning or ask for further clarification of the court's decision. The court entered its judgment, and Perez-Rios now appeals.

II.

Perez-Rios argues that the district court's decision to impose a consecutive sentence was procedurally and substantively unreasonable. Typically, we review a decision to impose a consecutive sentence for abuse of discretion. *United States v. Watford*, 468 F.3d 891, 915 (6th Cir. 2006). But where, as here, a defendant challenges the sufficiency of a district court's explanation for imposing a consecutive sentence, but did not object on that basis below, we review

for plain error. *United States v. Potts*, 947 F.3d 357, 364 (6th Cir. 2020); *United States v. Pablo-Ramos*, 817 F. App'x 112, 114 (6th Cir. 2020) ("A defense counsel's general objection to the imposition of a consecutive sentence at the sentencing hearing does not preserve a challenge on appeal to the sufficiency of the district court's *explanation of its reasoning* for that sentence."). Under either standard, however, Perez-Rios's challenge fails because the district court committed no error.

III.

If a district court imposes a sentence on a defendant who is already facing an undischarged sentence for a state conviction, the court may order the federal sentence to run concurrently, partially concurrently, or consecutively to the state sentence. 18 U.S.C. 3584(a); U.S.S.G. § 5G1.3(d). "A challenge to a [district] court's decision to impose a consecutive or a concurrent sentence is not easily classified as 'substantive' or 'procedural[]' . . . because an evaluation of the substantive reasonableness of a decision to impose a consecutive sentence depends heavily upon an evaluation of the procedural reasonableness." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). No matter how the challenge is characterized, a consecutive sentence is unreasonable if the district court fails to adequately explain why the sentence is consecutive. *See United States v. Cochrane*, 702 F.3d 334, 344 (6th Cir. 2012) ("[I]n order for a sentence to be procedurally reasonable, the record must contain the district court's rationale for concluding that the sentence imposed is sufficient but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." (internal quotation marks omitted)).

Here, Perez-Rios argues that his sentence is procedurally and substantively unreasonable because the district court failed to address U.S.S.G. § 5G1.3(d) and its commentary. Application Note 4(A) to § 5G1.3 articulates five factors that sentencing courts should consider before deciding

to run a federal sentence consecutively to a state sentence. They are: (1) the § 3553(a) factors; (2) the "type (e.g. determinate, indeterminate/parolable) and length of the prior undischarged sentence"; (3) the time served and likely to be served on the undischarged sentence; (4) the procedural posture of the undischarged sentence (whether it was imposed in state or federal court and when it was imposed); and (5) any other relevant circumstance. U.S.S.G. § 5G1.3, cmt. n. 4(A).

A district court need not expressly recite the Application Note 4(A) factors. Instead, we look to "the totality of the record" to determine whether the district court "followed the rationale" of Application Note 4(A). *Potts*, 947 F.3d at 369. "So long as that rationale is 'generally clear,' either in a statement by the district court or by reference to the [presentence report] or other documents, the district court does not abuse its discretion (let alone commit plain error) and impose a procedurally unreasonable sentence, by failing to expressly consider the factors contained in § 5G1.3 Application Note 4(A)." *Id.* (citing *Cochrane*, 702 F.3d at 346).

The totality of the record shows that the district court followed the rationale of Application Note 4(A). When imposing Perez-Rios's sentence, the court weighed the § 3553(a) factors, including the seriousness of his offense, his personal characteristics, his criminal history, the need for specific and general deterrence, the need to promote respect for the law and provide just punishment, and the need to provide correctional treatment to Perez-Rios. The court emphasized that Perez-Rios's offense was a "very serious violation of the criminal law" and that the "victimization of youngsters who are depicted in these photographs . . . is a harm which is, in the Court's judgment, immeasurable." The court recognized his difficult childhood, mental health difficulties, education, and employment history, but noted that "[o]ne of the most troubling aspects of this particular case is that the defendant committed [this] offense . . . after being convicted in

state court of very similar criminal activity involving abusive children activity." The court described this repeated conduct as "very concerning," and "an aggravating factor" that required deterrence. Although the court did not explicitly renew its consideration of the § 3553(a) factors when deciding to impose a consecutive sentence, we do not require a district court to repeat itself to comply with § 5G1.3. *Potts*, 947 F.3d at 369.

The district court also considered the type and length of Perez-Rios's undischarged sentence, noting that the state court had imposed a term of imprisonment of 18 months to 7 years. And defense counsel informed the court that Perez-Rios had been in federal custody since his indictment, so he had not yet begun serving the state sentence. Finally, the district court recognized that the undischarged sentence had been imposed by a state court and that the interests served by that sentence are distinct from the interests served by the federal sentence. These circumstances can favor imposing consecutive sentences. *See United States v. Loose*, 730 F. App'x 330, 333 (6th Cir. 2018) (affirming a consecutive sentence imposed because "the interests of the sovereignty of the State of Michigan and the federal sovereign here for federal conviction are different"). In sum, the totality of the record shows that the district court understood its authority to impose a concurrent sentence, considered the rationale of Application Note 4(A), and decided that a consecutive sentence was more appropriate.

Perez-Rios tries to equate his case to *United States v. Jackson*, 764 F. App'x 506 (6th Cir. 2019), where we remanded for resentencing after the district court did not refer to § 5G1.3 or the elements laid out in the commentary when imposing a consecutive sentence. *Id*. at 509–10. This comparison falls flat. In *Jackson*, we dealt with a federal sentence imposed consecutively to a state sentence for conduct relevant to the federal conviction. *Id*. at 509. Under those circumstances, § 5G1.3(c) directs a district court to impose a concurrent federal sentence, and we

require the district court to "expressly consider" § 5G1.3(c) in handing down its judgment. *Id.* (citing *United States v. Coleman*, 15 F.3d 610, 613 (6th Cir. 1994)). But here, the conduct underlying Perez-Rios's state conviction was not relevant to his federal conviction so § 5G1.3(d)— not § 5G1.3(c)—applies, and the district court was not required to expressly consider that section of the Sentencing Guidelines or the factors described in the accompanying commentary. *Potts*, 947 F.3d at 369. Because the district court's reasoning is "generally clear" from the record, Perez-Rio's challenge to his consecutive sentence fails. *See United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011).

IV.

We affirm the judgment of the district court.